Matthew M. Levy, J.
The defendant moves to dismiss the complaint for legal insufficiency on its face (Rules Civ. Prac., rule 106, subd. 4). We are, of course, on such a motion, not in the least concerned with the facts set forth in either of the briefs of counsel. Indeed, in the light of the nature of the objections nrged for a dismissal, we are not even concerned (in some of the aspects of the motion) with the allegations in the complaint, save as they are supported by the contract annexed to the complaint and upon which this suit — one to enforce a restrictive covenant contained in an employment contract — is bottomed. Even as thus limited, the grounds of the attack upon the validity and enforcibility of the contract in suit are so plainly devoid of legal substance — under well-recognized legal precepts — that I do not feel the need of citing judicial precedent in support of my analysis and reasoning and decision.
*968 The contract was made on March 1, 1957. It states, that the employment of the defendant shall:begin March 1, 1957 “for a period of one year, terminating on. March 31, 1958 ’ . That is urged to be a basis for vitiating the contract. ' I disagree. I find no difficulty in holding this to’-bo a valid contract, whether it shall be held to contain a basic'term of one year or of 13 months. Certainly, the restrictive covenant thereafter contained and thereafter to take effect is not affected by this passage in the agreement. If ambiguous, it is subject to the support — one way or the other — of parol evidence.
The term of the contract is said to continue “ so long thereafter as shall be mutually agreeable, and be subject to termination at any time after March 31,1958 by either party mailing to the other * * * not less than three (3) months’ written notice of intention so to do ”. If the-provision extending the duration had ended with the words “mutually agreeable ”, then the defendant’s contention would be acceptable that, for any period beyond March 31, 1958 the term of the agreement was left for future agreement, and that therefore there was a nudum pactum in that respect. -But, as I read the.document, the contract, after March 31, 1958, was one for a period of three months, subject to termination then, upon the giving of three months’ notice therefor — but such cessation could not be effectuated until after March 31, 1958. The final abrogation of the agreement is available to either party by the doing of an act, the giving of notice as in the contract provided. Thus, the machinery for calling a halt to the agreement is actually the agreement as to the extension of the term, and, upon the giving of the notice by one party ■ (which must be accepted by the other party) the culmination becomes mutually agreeable. All this is provided for’in the contract itself. No further promise or undertaking, consent or action, is needed other than the giving of such notice, and the agreement continues until the expiration of the time specified in the notice so given.
A contention is raised by the defendant that, during the period of actual employment from March 1, 1957, to October 16, 1961 (following defendant’s notice of resignation given August 28, 1961), the defendant’s salary was raised from $12,000 to $15,000, and, since the agreement does not indicate whether-the annual compensation of $12,000 was for the first year or for the first year and thereafter, the contract is void, it being argued that the compensation following the first year was to be agreed upon. For several reasons, I hold that that is no foundation for dismissal of the complaint. Firstly, the alleged increase in salary is a fact not appearing in the complaint. Secondly, the agree *969 ment provides merely that the salary shall be $12,000 per year, payable weekly, and, on the face of the agreement, such salary continues upon that basis until it is terminated by the giving of the required notice. Finally, it is quite likely — certainly probable — that the increased salary could have been accepted while the defendant was working under the agreement, and he would therefore be obligated to perform its terms.
A further argument is made that, since the contract provides for a 40-hour week and provides further that any time spent beyond 40 hours in a work week “ shall be compensated for by payment of overtime to be agreed upon between the ” parties, once again, this is an “ agreement to agree ” which rendered the -contract unenf orcible in respect of the restrictive covenant. No' authorities . in- support of this contention have been cited, and, in my view, it is baseless. The contract has been executed, performance is complete on the plaintiff’s part, and that status is the crux of the issue.
■ The argument. is additionally urged that, because of the overtime clause, the agreement is void since it would be violative of the Federal Wages and Hours Law. (U. S. Code, tit. 29, §§ 201-219.) Once again, this introduces a factor not set forth in the complaint, and therefore is not to be considered by me. Apart therefrom, the contract Avas entered into in the light of existing laAV, and no act on the part of either party could render the overtime pay less than the minimum required by the Federal Wages and Hours Law. To that extent, at least, the agreement is fixed and valid. If no agreement Avas reached for any sum in excess of the minimum required that Avould not invalidate the entire contract.
The defendant points out also that there is no statement in the complaint that the defendant’s service was unique or extraordinary, and contends that the pleading is therefore defective. I do not believe that such an allegation is necessary in an action to enforce an employee’s restrictive covenant such as this. If the covenant is a valid one, he is obliged to perform it. I hold it to be valid and enforcible.
The defendant’s motion to dismiss the complaint is denied.